John H. Cooke, J.
On the 13th day of June, 1960, claimant, Elizabeth Daggett, was a passenger in an automobile, owned by her husband but being driven by a friend, Cletus Currier. While traveling south on Route 11, at about 12:30 a.m., Cletus Currier was stopped by the State Police for speeding.
Cletus Currier went to the police vehicle parked behind the Daggett vehicle and sat in the rear seat of the troop car to await the issuance of a summons while the claimant, Elizabeth Daggett, and the other passengers remained in the Daggett automobile.
Both vehicles were within the Village of Central Square in Oswego County. Route 11, as it approaches and enters the village, runs in a generally north-south direction and is substantially straight and level for several hundred feet but there is an upgrade in the vicinity where the vehicles were brought to a stop. At this point, Route 11 is a three-lane highway, consisting of three concrete slabs, each approximately 11 feet in width, and the highway was lighted by street lamps for a distance of 500 to 600 feet to the north.
Since there was a little or no shoulder west of the pavement where the vehicles stopped, both were parked completely on the paved portion of the highway. The pavement was dry and, although there were areas of fog north of Central Square, there were clear weather conditions in this area.
At a time when the trooper was about to hand the summons to Currier, an automobile, driven by Frank L. Woods, Jr., struck the rear of the State Police car, causing it to propel forward and strike the Daggett vehicle, causing personal injuries to claimant, Elizabeth Daggett. Ward Daggett, husband of Elizabeth Daggett, seeks to recover for the medical expenses incurred or to be incurred by his wife, together with the loss of his wife’s services.
*705 The claims were timely filed and have not been assigned or submitted to any other court or tribunal for audit or determination.
The question of contributory negligence on the part of claimant, Elizabeth Daggett, is not an issue since she, of course, was not the driver nor did she participate in any manner in the accident and her resulting injuries. Claimant, Ward Daggett, not being at the scene needs no proof of freedom from contributory negligence.
It would appear that the primary question for determination by this court is the proximate cause of the accident. Was the State negligent by the presence of the troop car on the highway? In considering this point the court is familiar with the case of Commisso v. Meeker (8 N Y 2d 109). Although that case discussed the responsibility of the county for the act of a Deputy Sheriff, certain factual conditions are similar to the instant case.
This court, however, distinguishes that case on basic differences which are of great importance. In the Commisso case {supra, p. 117) the court stated: “ It is undisputed, however, that the 26 foot-wide shoulder on the south side, at the place where Zambon’s car stood, was level for a distance of up to 15 feet south of the paved roadway; and that the shoulder was wet but firm. It is also undisputed that traffic at about the time of the accident was exceptionally heavy ’ ’.
Then the court further stated (p. 118): “ The cases cited by Zambón in alleged support of his position are readily distinguishable. Most deal with instances where an automobile parked on the side of a highway had ceased to operate because of mechanical difficulties, and hence could not be moved onto a shoulder; or an available shoulder on which to pull over was lacking ” (emphasis provided).
In the instant case, at the point where the Daggett automobile was brought to a stop, there was a gravel shoulder less than one foot in width and then a steep rising'bank. Adjacent to the place where the troop car stopped, there was a cement culvert approximately 30 inches in width and 7 inches in depth, and no shoulder between the culvert and the westerly edge of the pavement.
There, also, was little or no traffic in the vicinity at the time of the accident leaving approximately 22 feet of available highway. In the opinion of this court, therefore, the circumstances in the instant case are dissimilar to the Commisso v. Meeker case.
This court feels that the presence of the troop vehicle, where it was standing, did nothing more than furnish a condition or give right to an occasion by which the injury was made possible but which was brought about by the intervention of a new, inde *706 pendent and efficient cause, Gralton v. Oliver (277 App. Div. 449, affd. 302 N. Y. 864); the rule is thus stated in Corpus Juris (vol. 45, Negligence, § 491) viz.: “ A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury, even though such injury would not have happened but for such condition or occasion.” (See, also, 65 C. J. S., Negligence, § 104, p. 653.)
Therefore, the accident and resulting injuries having been caused by an independent act of a third party, the State cannot be held responsible as an active or participating cause.
Upon all the evidence, therefore, the claims must be and are hereby dismissed.
The findings of fact and conclusions of law filed by the parties hereto have been marked and signed and they constitute a part of the decision.